BEFORE THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED

| | |
|---|---|
| In re: ) | |
| ) | DOCKETED    DEC X 9 2003 |
| Mr. Gene J. Koprowski, Plaintiff ) | DEC 1 1 2003   MICHAEL W. DOBBINS |
| ) | CLERK, U.S. DISTRICT COURT |
| v. ) | |
| ) | |
| Google, Inc., Defendant ) | Case No. 03C7329 |

## NOTICE OF FILING

This is a Notice that the Plaintiff in the above-captioned matter has filed a Memorandum in Support of its Motion for an Order to Show Cause, a copy of which is attached.

BY: _____
Mr. Gene J. Koprowski
1415 North Dearborn Parkway
Chicago, Illinois 60610
Tel: 312-951-9663

## CERTIFICATE OF SERVICE

The undersigned certifies that he served a copy of this Notice of Filing and Memorandum in Support of Motion for an Order to Show Cause, per the Federal Rules of Civil Procedure.

BY: _____

BEFORE THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

In re: )
)
Mr. Gene J. Koprowski, Plaintiff )
)
v. )
)
Google, Inc., Defendant ) Case No. 03C7329

DOCKETED
DEC 11 2003

FILED
DEC 9 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION

This is a memorandum of fact and law in support of the Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt. In support of this, Plaintiff very respectfully presents, alleges, and requests as follows:

### 'YOU MAKE A LOT OF MONEY OFF PIRACY'

1. Per the *Federal Rules of Evidence, Rule 902*, news reports may be presented into evidence in a matter before the Honorable Court to support an action or motion.
2. News reports indicate that Google, Inc., the Defendant in this matter, has adopted a tactic of infringing on the intellectual property of creative businesses as part of its marketing strategy, See, *"Google Asks Judge to Lay Down Trademark Law,"* published on Internet News, at http://www.internetnews.com/IAR/print.php/3285971, on December 5, 2003.
3. Defendant, and its French subsidiary, have been sued for alleged intellectual property infringement by Luis Vuitton S.A., and by the American Blind and Wallpaper Factory, among other leading brands, See http://www.internetnews.com/IAR/print.php/3285971.
4. Those matters are still being adjudicated.
5. The Internet service provider industry is flouting the authority of federal courts throughout the U.S. by refusing to honor subpoenas lawfully issued under the Copyright Act, See, http://dc.internet.com/news/print.php/3078201, *"Court Hears DMCA Subpoena Power Appeal,"* on September 16, 2003, and http://dc.internet.com/news/print.php/3079141, *"Boxer Blasts Verizon's DMCA Subpoena Stance,"* on September 17, 2003.
6. The Hon. Judge John Roberts, of the U.S. Court of Appeals for the District of Columbia, claimed that some Internet service providers refuse to honor duly authorized subpoenas under the Copyright Act because *"you make a lot of money off piracy,"* as reported in the news article, cited in paragraph four of this Memorandum.
7. U.S. Senator Barbara Boxer blasted the Internet service provider industry, saying that by refusing to honor subpoenas to identify alleged copyright infringers, they were *"promoting illegal downloading"* of copyrighted material.

8. That the Recording Industry of America (RIAA), a trade group, located in Washington D.C., has obtained more than 1,500 subpoenas under the Copyright Act since 1998, per http://www.dc.internet.com/news/print.php/3078201, to protect the rights of artists around the U.S. whose works are being pirated, e.g., published or distributed without paying a licensing fee, by commercial organizations.
9. That other organizations, representing artists, have obtained and served subpoenas under the Copyright Act, which have been duly complied with by recipients.
10. That Defendant has not timely filed a Motion to Quash the subpoena in this matter, as allowed by law, and has no defense for its illegal behavior.
11. That Defendant has not disabled the link to the Plaintiff's copyrighted work, as commanded, a remedy provided in the Digital Millennium Copyright Act, and has no defense as per the statute for its illegal behavior.
12. The Plaintiff's service-marked name and copyrighted work was posted, by link, and in text, without authorization, and without payment of a reasonable licensing fee, at http://rubewatch.blogspot.com/2003_03_09_rubewatch_archive.html#90525787, on March 11, 2003, at 3:37 p.m., as described in the subpoena.
13. That the Defendant is making money by illegally trading off of the Plaintiff's service-marked name and copyrighted work, as the Plaintiff is a nationally known journalist who is published regularly in *The Wall Street Journal, The Washington Times, The Washington Post,* inter alia, and has been in the national media for 17 years, and has been nominated for various awards as a leader in the publishing field.
14. That the presence of the Plaintiff's service-marked name and copyrighted work on the Defendant's web sites generates increased traffic, e.g., hits, and thus increases the ratings and popularity of the Defendant's web site, on belief.
15. The Defendant's bulletin board, commentary web site presents the Plaintiff's work in an obscene context which is degrading to the Plaintiff's image, and which, *taken as a whole, lacks serious literary, artistic, political, or scientific value,* contrary to the doctrine of *Miller v. California (1973) 413 U.S. 15.*
16. Thus, the Defendant is not entitled to *First Amendment* protections as a defense.
17. That, due to the Defendant's *vexatious* refusal to identify the alleged copyright infringer, and to disable the link to copyrighted material, the Defendant should also not be entitled to any other statutory defenses to which it may avail itself.
18. That it would be fair, just and reasonable for the Honorable Court to enter an Order to Show Cause Why Defendant Should Not be Held in Contempt of Court, based on the allegations and statements of fact and law in the motion and this memorandum.

Very Respectfully,
BY: _____
Mr. Gene J. Koprowski, Plaintiff/Law Student
1415 North Dearborn Parkway
Chicago, Illinois 60610, Telephone: 312-951-9663