### BEFORE THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re:

Mr. Gene J. Koprowski                                    Case No. 03C7329

v.

Google, Inc.

TO:

Google, Inc. (Defendant)
2400 Bayshore Parkway
Mountain View, California 94043

### NOTICE OF MOTION

This is a Notice of a filing of a Motion for an Order to Show Cause as to Why Defendant Should Not Be held in Contempt of Court for failing to provide information identifying an alleged copyright infringer, per the Digital Millennium Copyright Act (DMCA).

This motion shall be heard at 10 a.m., or as soon thereafter as may be heard, on Tuesday, December 30, 2003 in Room 1241 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Ill. 60604, before the Hon. Judge Amy J. St. Eve, or another Honorable Judge presiding in her stead.

Very Respectfully,
BY: _____
Mr. Gene J. Koprowski, Plaintiff
1415 North Dearborn Parkway
Chicago, Illinois 60610
312-951-9663

### CERTIFICATE OF SERVICE

I, the undersigned, served Notice of the above Motion, and a copy of the attached motion, upon the Defendant per the Federal Rules of Civil Procedure.

BY: _____

### BEFORE THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Mr. Gene J. Koprowski | )    Case No. 03C7329 |
| | )   F I L E D |
| v. | ) |
| Google, Inc. | )   DEC X 5 2003 |
| TO: | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

Google, Inc. (Defendant)
2400 Bayshore Parkway
Mountain View, California 94043



### MOTION FOR AN ORDER TO SHOW CAUSE

NOW HERE COMES THE PLAINTIFF, who very respectfully moves the Honorable
Court for an Order to Show Cause Why the Defendant should not be held in Contempt of
Court.

In support of this Motion, the Plaintiff very respectfully presents, alleges, and requests as
follows:

1. That on October 31, 2003, by U.S. Mail, the Plaintiff served a subpoena on the
   Defendant, an Internet Service Provider (ISP) commanding it to identify an
   alleged copyright infringer by U.S. Mail by November 14, 2003.
2. That the clerk of the Honorable Court for the Northern District of Illinois, Eastern
   Division, issued the subpoena upon declaration by the Plaintiff in October, as per
   the procedure authorized by the Digital Millennium Copyright Act (512 USC 17).
3. That the Act states that a clerk of *any* United States District Court, upon
   application by a declarant, shall issue a subpoena to an Internet Service Provider
   to identify an alleged copyright infringer.
4. That many other Acts passed by the U.S. Congress also provide for issuance of a
   subpoena by the clerk of *any* United States District Court to facilitate justice.
5. That Rule 45 of the Federal Rules of Civil Procedure states that a subpoena may
   be served within the district of the court by which it was issued, or without, if it is
   within 100 miles of the place of production specified in the subpoena.
6. That Rule 45 (b) (2) of the Federal Rules of Civil Procedure, however,
   emphasizes that, "*when a statute of the United States provides therefore, the court
   may upon proper application and cause shown may authorize the service of a
   subpoena at any other place.*"
7. That the Plaintiff, per the copyright Act, and per the Federal Rules of Civil
   Procedure, properly applied for and served an authorized subpoena upon the
   Defendant.



8. That federal case law is persuasive here. See *Intellectual Reserve Inc. v. Lighthouse Ministry, Inc (75 F. Supp. 2d 1290)*, where Utah federal judge Tena Campbell ruled that Internet linking, without authorization, probably subjects the linking party to liability for contributory copyright infringement. A preliminary injunction was issued in the case to stop the unauthorized online linking to copyrighted material.

9. That the Defendant has, without good cause, refused to provide the identity of the alleged copyright infringer, as commanded, and has refused to disable the link to the copyrighted material, per the Act.

10. That as per Rule 45 (b) (2), of the Federal Rules of Civil Procedure, the Defendant is in contempt of court, unless good cause can be shown for not complying with said subpoena.

11. That it is not good cause to state that the Defendant does not agree with the possible underlying causes of action in this civil proceeding, as that will be a matter for a finder of fact at trial to determine.

12. That the subpoena issued is a fact-finding instrument, authorized under the Act for the sole purpose of *identifying an alleged copyright infringer*.

13. That it is unjust that the Defendant refuse to comply with the subpoena, without good cause shown.

14. That it is not oppressive for the Defendant to comply with the subpoena – which only seeks that it *identify an alleged copyright infringer* by U.S. Mail.

15. That it would be fair, just, and reasonable for the Honorable Court to Order the Defendant to show good cause as to why it has not complied with the subpoena.

16. That it would be fair, just and reasonable to impose sanctions upon the Defendant, as per the Federal Rules of Civil Procedure, if it does not show good cause within the time specified in the order

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff very respectfully asks of the Honorable Court the following relief:

1. An Order to the Defendant to Show Cause as to Why It Should Not Be Held In Contempt, for the facts alleged and presented in the above motion.

Very Respectfully Submitted

Mr. Gene J. Koprowski, Plaintiff/Law Student
1415 North Dearborn Parkway
Chicago, Illinois 60610
Tel: 312-951-9663