IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 24 2003

| | |
|---|---|
| GENE KOPROWSKI, | Civil Action No. 03C 7329 |
| Plaintiff, | Honorable Judge Amy J. St. Eve |
| v. | Honorable Magistrate Judge Martin C. Ashman |
| GOOGLE, INC., | |
| Defendant. | |

### DECLARATION OF ALEXANDER D. MACGILLIVRAY



## DECLARATION OF ALEXANDER D. MACGILLIVRAY

I, Alexander D. Macgillivray, declare:

1. I am an attorney admitted to practice in the State of California, and am employed by Google Inc. ("Google"). I make this declaration in support of Google's Opposition to Gene Koprowski's Motion for an Order to Show Cause.

2. On October 11, 2003, Google received a facsimile from Gene Koprowski asserting that the website rubewatch.blogspot.com had published an article copyrighted by Mr. Koprowski, and was also infringing on Mr. Koprowski's trademark. Mr. Koprowski demanded that Google immediately remove links to his article from the rubewatch.blogspot.com website, and stated that his letter was a notification under section 512(c)(3)(A) of the Digital Millennium Copyright Act of 1998 ("DMCA"). A true and correct copy of Mr. Koprowski's facsimile is attached hereto as Exhibit A.

3. On information and belief, Mr. Koprowski on October 12, 2003 sent a letter to the Clerk of the Court for the United States District Court for the Northern District of Illinois requesting issuance of a subpoena under section 512 of the DMCA. Google subsequently received what appears to be a copy of this letter. A true and correct copy the letter received by Google is attached hereto as Exhibit B.

4. Sometime thereafter, Google received via U.S. Mail a document purporting to be a subpoena issued by the United States District Court for the Northern District of Illinois. The putative subpoena sought the identity of the individual or company who had posted a link to Mr. Koprowski's article on the rubewatch.blogspot.com website. A true and correct copy of this document is attached hereto as Exhibit C.

5. On November 14, 2003, I had a telephone conversation with Mr. Koprowski regarding his purported subpoena to Google, which was aborted when Mr. Koprowski hung up on me. Later that day, I wrote Mr. Koprowski a letter setting forth Google's position that it was unable to understand the basis of Mr. Koprowski's claim of copyright infringement. I stated that Google was unaware of any law stating that mere linking to copyrighted material could

1

constitute infringement. I also informed Mr. Koprowski that his claims were barred by the fair use provisions of 17 U.S.C. § 107 and by 47 U.S.C. § 230, and that service of the subpoena was invalid under Fed. R. Civ. P. 45(b). Finally, I urged Mr. Koprowski to reconsider his actions, given that section 512(f) of the DMCA imposed penalties, including attorneys' fees and costs, for misrepresentations that material or activity is infringing. A true and correct copy of my November 14, 2003 letter to Mr. Koprowski is attached hereto as Exhibit D.

6. Mr. Koprowski responded to my letter with a letter dated November 19, 2003. Mr. Koprowski argued that the Copyright Act authorized the service of his subpoena outside of the jurisdiction of the Northern District of Illinois Court, and stated that his putative notice of copyright infringement satisfied the requirements of the DMCA. A true and correct copy of Mr. Koprowski's November 19, 2003 letter to me is attached hereto as Exhibit E.

7. On December 3, 2003, Mr. Koprowski left me a voicemail message stating that he intended to file a motion for an order to show cause why Google should not be held in contempt for failing to respond to his putative subpoena. I attempted to contact Mr. Koprowski by telephone and, when I was unsuccessful, wrote Mr. Koprowski a letter that day again setting forth the bases for Google's contention that service of the putative subpoena from the Northern District of Illinois was improper, and our contention that Mr. Koprowski's allegations of copyright infringement were baseless. I also warned Mr. Koprowski that Google may seek reimbursement for its legal fees and costs in this matter. A true and correct copy of my December 3, 2003 letter is attached hereto as Exhibit F.

8. On December 4, 2003, Mr. Koprowski sent me a letter stating that he would shortly serve Google with a motion to show cause. Attached hereto as Exhibit G is a true and correct copy of that letter.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19 day of December, 2003 at Mountain View, California.

ALEXANDER D. MACGILLIVRAY

2

323629.01

# SEE CASE FILE FOR EXHIBITS