IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GENE KOPROWSKI,** | Civil Action No. 03C 7329 |
| Plaintiff, | Honorable Judge Amy J. St. Eve |
| v. | Honorable Magistrate Judge Martin C. Ashman |
| **GOOGLE, INC.,** | |
| Defendant. | |



### GOOGLE INC.'S OPPOSITION TO GENE KOPROWSKI'S MOTION FOR AN ORDER TO SHOW CAUSE

#### I. INTRODUCTION

Gene Koprowski's motion for an order to show cause should be denied because its underlying premise – that Google Inc. ("Google") has failed to comply with legal obligations imposed by Mr. Koprowski's purported subpoena – is without merit. Mr. Koprowski's subpoena is invalid and unenforceable for at least the following reasons:

- Mr. Koprowski has not alleged and has no credible basis for asserting that anyone has infringed his rights under the Copyright Act. He therefore is not entitled to a subpoena issued pursuant to the Digital Millennium Copyright Act of 1998 (the "DMCA").

- Mr. Koprowski failed to submit a sworn declaration promising to limit his use of the information obtained via his subpoena to protecting his rights under the Copyright Act, as required by the DMCA – and in fact appears to intend improperly to use the information to attempt to protect rights he mistakenly believes are granted him under the Lanham Act, as well.

- Mr. Koprowski's subpoena was not issued by anyone authorized to issue a subpoena.

- Mr. Koprowski's subpoena was served on Google by mail in California, rather than by personal service within 100 miles of the Northern District of Illinois, as required by the Federal Rules of Civil Procedure.

For at least these reasons, the purported subpoena is invalid and unenforceable, and Google is

1

under no obligation to respond to it. Thus Mr. Koprowski's motion for an order to show cause should be denied.

## II.  FACTS

**A.  The Non-Infringing Comments Posted in the "Rube Watch" blog**

A "blog" is a web log – "a web page made up of usually short, frequently updated posts that are arranged chronologically—like a what's new page or a journal." *See* <http://new.blogger.com/about.pyra>. Google offers a service that allows web users to create blogs. *See generally* <http://new.blogger.com/>. "Rube Watch" is a blog operated by a third-party using Google's Blogger service. *See* <http://rubewatch.blogspot.com/>. On March 11, 2003, a web user who goes by the moniker "Slitzy" posted the following entry on the Rube Watch blog:

> **Tuesday, March 11, 2003**
>
> **Posted 3:37 PM by Slitzy**
>
> Well holy shitballs, people, we may have found a rival to Brian. This super-rube, uncovered by Rube Watch today, displays the characteristics of each Rube to have already entered the Hall. Like Brian, he proclaims his turgid righteousness, puffing his chest like a red white and blue peacock on heat in that foggy world of theirs. Like Jeremy, he is older than the usual spotty pubescent rubes we discover, and should, by all manner of reason, know much, much better. And like each of them, he displays such ineptitude with the English language that his articles are used to make blind, retarded kids in Vietnam feel better about their short stories.
>
> But how did we discover such a creature, such a hybrid of so many rube-skills? If ever you feel the need, but we urge you not to, lest you bite thine own lips off and swallow them in anger, visit the Young Conservatives website. There you will find all manner of rubic activity. Please be careful. It was at this chamber pot of rubey bullshit that we found "Peacenik Puffery" by Gene Koprowski. Now, we shan't go into the depths of what is so very off with this article; the lack of fact, the misguided conclusions, the poor grammar and worse mathematics. Just sit forward and read, but no matter how much you squint, yes, he is saying that. Truly, although frightening and rather saddening really, making one tilt one's head sideways and think "ah bless", we present this example not only to further show you Rubes in action, but to make you feel just great about yourself.
>
> Gene, on foot of what we've read so far, Gene, we say…Welcome…Gene.
>
> Oh yeah, Gene? Hey…Gene? Yeah…*e.g.* means "for example".

<http://rubewatch.blogspot.com/2003_03_09_rubewatch_archive.html#90525787>.

Each of the underlined phrases in the foregoing blog entry is "hyperlinked" to another

web page or to an electronic mail address. Several of the links lead to web pages that do not appear to be at issue in this motion. Although Mr. Koprowski has not identified the specific basis for his concerns, it appears that he takes issue with the "Peacenik Puffery" link, the "Gene Koprowski" link, or both of them. The former links to an article (hosted on a separate website that is unaffiliated with Google) apparently written by Mr. Koprowski and apparently published on the World Wide Web with Mr. Koprowski's permission. *See* <http://yconservatives.com/Koprowski-29.html>. The latter links to what appears to be an electronic mail address belonging to Mr. Koprowski, GKoprowski@yconservatives.com.

### B.    Mr. Koprowski's Actions

On October 11, 2003, Google received a faxed letter from Mr. Koprowski, asserting that the foregoing blog entry was a publication of "an article that is copyrighted by . . . Mr. Koprowski." Macgillivray Decl., Exh. A at 1. Mr. Koprowski further asserted that the blog entry infringed his trademark. *Id.* Mr. Koprowski demanded that Google immediately remove the blog entry, and stated that his letter was a notification pursuant to section 512(c)(3)(A) of the DMCA. *See id.*; 17 U.S.C. § 512(c)(3)(A).

On or about October 12, 2003, Mr. Koprowski sent a letter to the Clerk of the Court for the United States District Court for the Northern District of Illinois, and requested issuance of a subpoena pursuant to section 512(h) of the DMCA. *See* Macgillivray Decl., Exh. B; 17 U.S.C. § 512(h). Sometime thereafter, Google received a mailed document purporting to be a subpoena seeking the identity of the person who posted the foregoing blog entry. *See* Macgillivray Decl., Exh. C. Alexander Macgillivray, an in-house attorney for Google, objected to the subpoena, and Mr. Macgillivray and Mr. Koprowski exchanged letters setting forth their respective positions, but were unable to resolve their differences. *Id.*, Exhs. D-G. Mr. Koprowski then filed his motion for an order to show cause, which is now before the Court.

## III. ARGUMENT

### A. Mr. Koprowski's "Subpoena" Is Not Authorized by the DMCA

The DMCA authorizes copyright owners or those acting on their behalf to request subpoenas by filing with the Clerk of a United States District Court a notification described in 17 U.S.C. § 512(c)(3)(A), a proposed subpoena, and "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under" title 17 of the United States Code (i.e. the Copyright Act). 17 U.S.C. § 512(h)(2). Upon receipt of a request satisfying these requirements, the Clerk "shall expeditiously issue and sign the proposed subpoena." *Id.* § 512(h)(4). Mr. Koprowski's purported subpoena does not meet these requirements and is invalid for the reasons summarized in the introduction above and discussed in detail below.

#### 1. Mr. Koprowski's October 11, 2003 letter does not meet the DMCA's notification requirements

The DMCA notification that is one of the prerequisites to issuance of a DMCA subpoena must identify the copyrighted work that has purportedly been infringed, identify the purportedly infringing material, and state that the complaining party has a good faith belief that the use of the material is unauthorized. *Id.* § 512(c)(3)(A)(ii), (iii), (v). Mr. Koprowski's October 11, 2003 letter does not meet these requirements – which is not surprising, because the blog entry at issue does not infringe his rights under the Copyright Act.

First, the letter fails to identify the purportedly infringed copyrighted work. *Id.* § 512(c)(3)(A)(ii). Mr. Koprowski's complaint seems to relate to his "Peacenik Puffery" article, which was published at the "Young Conservatives" web site (which, again, is not affiliated with Google). Mr. Koprowski's notification letter, however, does not actually identify that article as the work he contends is being infringed.

Second, the letter fails adequately to identify the purportedly infringing material. *Id.* § 512(c)(3)(A)(iii). Although Mr. Koprowski points to the Rube Watch blog entry, neither Mr. Koprowski's "Peacenik Puffery" article nor even an excerpt from it appears in the identified blog

entry. Mr. Koprowski has not claimed or even implied that *any* of the text of the identified blog entry was written by him, other than the title of his article, "Peacenik Puffery." "Words and short phrases such as names, titles, and slogans," however, are not subject to copyright protection. 37 C.F.R. § 202.1(a). In his motion, Mr. Koprowski implies that the blog entry may give rise to liability for *contributory* infringement (Motion at 2, ¶ 8), but liability for contributory infringement requires an act of *direct* infringement by another. *See Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 434-35 (1984). Mr. Koprowski's letter fails to identify any purported act of direct infringement, and thus necessarily fails to identify any act of contributory infringement. Indeed, the Rube Watch blog entry identified by Mr. Koprowski links to what appears to be an *authorized* publication of his article. *See* <http://yconservatives.com/Koprowski-29.html> (referring to Mr. Koprowski as a "Senior Contributor out of Chicago" for the "Young Conservatives").[1]

Third (and related to the first two points), Mr. Koprowski's letter fails to identify any basis for a good faith belief that "Slitzy" has engaged in unauthorized use of Mr. Koprowski's copyrighted material. 17 U.S.C. § 512(c)(3)(A)(v). The blog entry Mr. Koprowski identified does nothing more than *link* to a web page that contains an article apparently written by Mr. Koprowski – and that link does not infringe Mr. Koprowski's rights. *Ticketmaster Corp. v. Tickets.com, Inc.*, 54 U.S.P.Q.2d (BNA) 1344, 2000 U.S. Dist. LEXIS 4553, at *6 (C.D. Cal. Mar. 27, 2000) ("[H]yperlinking does not itself involve a violation of the Copyright Act . . . since no copying is involved, the customer is automatically transferred to the particular genuine web page of the original author. There is no deception in what is happening. This is analogous to using a library's card index to get reference to particular items, albeit faster and more

---

[1] The lack of any allegation of direct infringement distinguishes the present matter from *Intellectual Reserve Inc. v. Lighthouse Ministry, Inc.*, 75 F. Supp. 2d 1290 (D. Utah 1999), cited by Mr. Koprowski in his motion. In *Intellectual Reserve*, the links at issue directed web users to *unauthorized* copies of the copyrighted material. *Id.* at 1292-95. Moreover, the defendant actively encouraged the downloading and further distribution of this material. *Id.* at 1294-95. Under these circumstances, the court held that a link might support a finding of contributory infringement, based on possible *direct* infringement by those who may have downloaded and redistributed copies of the unauthorized materials at the linked-to web sites. *Id.* at 1295.

5

efficiently.")

In sum, Mr. Koprowski's letter does not satisfy the requirements of 17 U.S.C. § 512(c)(3)(A). Because a proper subsection (c)(3)(A) notification is a prerequisite to issuance of a DMCA subpoena, Mr. Koprowski's subpoena is void and cannot be enforced.[2]

### 2. Mr. Koprowski did not submit a sworn declaration stating that he would use the subpoenaed information "only . . . for the purpose of protecting rights under" the Copyright Act

Along with his request for a subpoena, Mr. Koprowski enclosed what he referred to as a completed subpoena and a sworn notification letter. Macgillivray Decl., Exh. B at 1. Neither the subpoena nor the letter includes the statutorily required assurance that Mr. Koprowski will use any information obtained by the subpoena "only . . . for the purpose of protecting rights under" the Copyright Act. 17 U.S.C. § 512(h)(2)(C); Macgillivray Decl., Exhs. B & C. To the contrary, Mr. Koprowski's letter suggests that he is also concerned about trademark rights, which are addressed by a separate title of the United States Code. *See* 15 U.S.C. § 1051 *et seq.* Because Mr. Koprowski did not submit a declaration as required by 17 U.S.C. § 512(h)(2)(C), the subpoena is invalid and unenforceable.

---

[2] Mr. Koprowski suggests that his conclusory, unsubstantiated allegation of copyright infringement itself suffices to meet the DMCA's notification requirement, and that the merits of his allegation can only be tested in the context of a subsequent copyright lawsuit against "Slitzy." First, Mr. Koprowski's failure to advance any ground to support his infringement claim suggests that his actual intention may be to abuse the DMCA subpoena process to pursue a personal vendetta against a particular Rube Watch blogger, rather than to enforce any purported rights under the Copyright Act. Second, "Slitzy" has a presumptive First Amendment right to engage in anonymous speech. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995); *Talley v. California*, 362 U.S. 60, 64 (1960); *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Were Mr. Koprowski's view correct, "Slitzy" would be stripped of his or her anonymity *before* receiving notice of Mr. Koprowski's claim and having an opportunity to contest it, thereby violating his or her constitutional right to due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner" (quotation marks and citation omitted)); *Connecticut v. Doehr*, 501 U.S. 1, 13-14 (1991) ("good faith" *ex parte* attachment statute creates "too great a risk of erroneous deprivation"); *Fuentes v. Shevin*, 407 U.S. 67, 83 (1972) (applicant's self interested statement of "belief in his [own] rights" insufficient to work a deprivation of property or liberty). Due to the substantial other problems with Mr. Kowprowski's subpoena that are discussed in this brief and the principle that courts should avoid constitutional questions where matters may be determined on other grounds, Google has not fully briefed the due process and First Amendment issues, but is prepared to do so if the Court so requests.

### 3. The Clerk did not issue the subpoena

Perhaps recognizing the substantial problems with Mr. Koprowski's request, the Clerk did *not* issue a subpoena. When a Clerk issues a subpoena pursuant to the DMCA, the Clerk must *sign* the subpoena. *See* 17 U.S.C. § 512(h)(4). The face of the subpoena sent to Google identifies "Gene Koprowski, President, The Michelangelo Group, Plaintiff/Pro Se" as the issuing officer. Macgillivray Decl., Exh. C at 1. Nowhere on the subpoena does the name, title, or signature of the Clerk of the Court appear. *See id.* The DMCA does not authorize subpoenas issued by anyone other than the Clerk of a Court. 17 U.S.C. § 512(h)(4).

If instead Mr. Koprowski chooses to argue that, though the subpoena does not meet the requirements of 17 U.S.C. § 512(h)(4), it is allowed under Rule 45 of the Federal Rules of Civil Procedure, the subpoena is still invalid. Although Rule 45 authorizes attorneys to issue subpoenas, *see* Fed. R. Civ. P. 45(a)(3), Mr. Koprowski does not appear to be an attorney. *See* Motion at 2 (identifying Mr. Koprowski as a law student). Further, a subpoena issued under the authority of Rule 45 requires a pending case, *see* Fed. R. Civ. P. 45(a)(1)(B), and Mr. Koprowski appears to concede that the subpoena at issue does not relate to a pending case. *See* Macgillivray Decl., Exh. B at 1 (asserting that a pending civil action is not prerequisite to a *DMCA* subpoena).

In short, although the document Mr. Koprowski sent Google *purports* to be a subpoena, it was issued by Mr. Koprowski himself, and he is not authorized to issue subpoenas under either the DMCA or Rule 45. As such, the subpoena cannot be enforced.

### B. Google Has Not Been Properly Served with the Subpoena

The DMCA states that "the procedure for . . . delivery of the subpoena . . . shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil procedure governing the . . . service . . . of a subpoena duces tecum." 17 U.S.C. § 512(h)(6). Under the Federal Rules of Civil Procedure, a subpoena duces tecum must be personally served. Fed. R. Civ. P. 45(b)(1). Mr. Koprowski's subpoena was served by mail. Macgillivray Decl., Exh. C at 2.

Moreover, unless otherwise authorized, a subpoena generally must be served either

"within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of . . . production . . . specified in the subpoena." Fed. R. Civ. P. 45(b)(2). The subpoena at issue commands production in Chicago, and purports to have been issued under the authority of the United States District Court for the Northern District of Illinois. Macgillivray Decl., Exh. C at 1. It was delivered to Google in California – well beyond the territorial limit imposed by Rule 45. *Id.* at 2; *see Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994) (subpoena issued from the Southern District of Georgia for discovery in Pennsylvania "was simply wrong"). "[T]erritorial limits on the service of subpoenas are meant to prevent 'undue inconvenience' to witnesses." 9 Moore et al., Moore's Fed. Prac. § 45.03[4][c] (3d ed. 2003). Here, that inconvenience is readily apparent – Google has been haled into a court thousands of miles from its headquarters in California.

Mr. Koprowski appears to contend that service in California of a Northern District of Illinois subpoena is permissible because the DMCA authorizes the Clerk of "any" United States District Court to issue a DMCA subpoena. 17 U.S.C. § 512(h)(1); *see also* Fed. R. Civ. P. 45(b)(2) (service beyond the ordinary 100 mile limit is permitted where authorized by both a federal statute and court). By its terms, section 512(h)(1) does not authorize nationwide *service*, but refers only to *issuance* of a subpoena. The mere fact that the Clerk of any United States District Court may *issue* a subpoena does not abrogate the territorial limits on *service* of that subpoena. *See Robertson v. Railroad Labor Bd.*, 268 U.S. 619, 627 (1925) (Brandeis, J.) (provision authorizing agency "to invoke the aid of any United States district court" to enforce subpoenas did not override ordinary territorial limits on a district court's jurisdiction).

Because Google has not been personally served, and has not been served (in any manner) within 100 miles of the place of production, the subpoena cannot be enforced.

### IV.   CONCLUSION

If Mr. Koprowski seeks to unmask "Slitzy" by way of a DMCA subpoena served on Google, he must (1) articulate a good faith basis for a copyright infringement claim; (2) state under penalty of perjury that he will limit his use of any information obtained via the subpoena

to enforcement of rights under the Copyright Act; (3) obtain a properly issued DMCA subpoena; and (4) personally serve Google in a manner consistent with the territorial limitations on service of subpoenas. Because he has done none of these things, his subpoena is invalid and unenforceable, and Google is under no obligation to respond to it. Because Google is under no obligation to respond to his subpoena, it should not be held in contempt, and the requested order to show cause should not be issued. Mr. Koprowski's motion should be denied.

Dated: Dec. 22, 2003

Respectfully submitted,

By: /s/ Joseph Berghammer
Joseph J. Berghammer
BANNER & WITCOFF, LTD.
10 South Wacker Dr. Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Appearing specially on behalf of GOOGLE INC.

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2003, a copy Google Inc.'s Opposition to Gene Koprowski's Motion for an Order to Show Cause, a copy of the Declaration of Alexander D. MacGillivray and a copy of the Special Appearance were served via First Class Mail addressed as follows:

Gene Koprowski
1415 North Dearborn Parkway
Chicago, IL 60610

and were hand-delivered to the following address:

Gene Koprowski
1415 North Dearborn Parkway
Chicago, IL 60610

*Kathleen Stanak*